*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7668-GHK (FFMx) | Date | December 1, 2008 |
|---|---|---|---|
| Title | *Michael Saunders, et al. v. Valero Energy Corporation, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**     **(In Chambers) Order to Show Cause**

On October 2, 2008, Plaintiff Michael Saunders filed the above-captioned Complaint in California state court. On November 20, 2008, Defendants filed a Notice of Removal in this Court. The Notice of Removal states that Defendants are incorporated in Delaware with their principal places of business in Texas.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, we have original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. A class action brought under the Class Action Fairness Act ("CAFA") may be filed in federal court based on diversity jurisdiction where the action is between citizens of different states, and the amount in controversy exceeds $5,000,000. *Id.*

**I.     Corporate Citizenship**

For purposes of assessing diversity, a corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

There are two rules used to establish a corporation's principal place of business. "First, the 'place of operations test' locates a corporation's principal place of business in the state which contains a substantial predominance of corporate operations. Second, the 'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (internal citations and some quotation marks omitted). However, "[t]he 'nerve center' test should be used only when no state contains a substantial predominance of the corporation's business activities." *Id.*

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7668-GHK (FFMx) | Date | December 1, 2008 |
|---|---|---|---|

| Title | *Michael Saunders, et al. v. Valero Energy Corporation, et al.* |
|---|---|

(emphasis omitted). Thus, following the Ninth Circuit rule, we apply the place of operations test unless the party seeking to establish jurisdiction shows that the activities of a corporate party do not substantially predominate in any one state. *Id.*

In applying the operations test, we determine a corporation's principal place of business by examining an entity's entire activities. *See Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990). We consider a corporation a citizen of the state where it "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." *Id.* at 1093. When a corporation conducts business in more than one state, we regard as its principal place of business that state which "contains a substantial predominance of the corporation's business activities." *Id.* Important factors in making this determination are the locations where income is earned, purchases are made, and sales take place, as well as the location of employees, tangible property, and production activities. *Id.* at 1094. "Substantial predominance" does not require that the *majority* of a corporation's business take place in one state, only that the amount of a corporation's business activity in one state be significantly larger than that in any other state in which the corporation conducts business. *Tosco Corp.*, 236 F.3d at 499. The relevant comparison, then, is between the amount of business activity in the state at issue and the amount conducted in other states, not between the amount of activity conducted in the state at issue and the corporation's total activity. In other words, the issue is not the percentage of a corporation's activity conducted in a given state, taken alone, but that percentage in comparison to the percentage of activity the corporation conducts in other states.

In order to properly determine corporate citizenship, we require information, for each of the top five states in which a corporate party conducts business, in at least the following categories: (1) the number of employees it has in each state;[1] (2) the percentage of its sales originating in each state; (3) the percentages of its assets held in each state.[2] We also require information on the location of a corporate parties' headquarters, but we will revert to the use of the 'nerve center' test only if the response information shows that a corporate entities' operations do not predominate in a single state.

//
//

**II.    Minimal Diversity**

---

[1]We seek to determine where a party "conducts the most activity that is visible and impacts the public." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990). Thus, our definition of "employees" for the purpose of subject matter jurisdiction includes not only salaried and hourly employees, but also, as relevant, independent agents, and any other person in whatever capacity who interacts with the public in behalf of a party.

[2]As with the number of employees, our definition of assets is broad, including assets held by anyone defined in footnote 1 as an employee in furtherance of a party's business.

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7668-GHK (FFMx) | Date | December 1, 2008 |
|---|---|---|---|
| Title | *Michael Saunders, et al. v. Valero Energy Corporation, et al.* | | |

  Under CAFA, there need only be minimal diversity, *i.e.*, any class member is a citizen of a state different from any defendant.[3] We require information showing that at least one proposed class member (including any named plaintiff) has a citizenship different from at least one Defendant. For any corporate entity relied upon for diversity, we require the information requested in Part I, above.

**IV. Class Homogeneity**

  CAFA jurisdiction also depends on the homogeneity of the proposed class. Since the complaint indicates that at least one-third of the proposed class members are citizens of California, if any of the primary defendants are citizens of California we may exercise our discretion to decline jurisdiction. *See* 28 U.S.C. § 1332(d)(3). Furthermore, if greater than two-thirds of the proposed class members, as well as at least one Defendant, are citizens of California, we may be *required* to decline jurisdiction. *See* 28 U.S.C. § 1332(d)(4).

**V. Order**

  The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Here, the Notice of Removal is insufficient to do so because Defendants have not provided the required information noted above. Therefore, Defendants are **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS**, as to why this matter should not be remanded because this court lacks subject matter jurisdiction. Moreover, if there is only minimal diversity, Defendants shall show cause as to either (1) why we should exercise our discretion to entertain this case if greater than one-third but less than two thirds of the class is non-diverse with at least one Defendant or (2) why we can entertain this action if greater than two-thirds of the class is non-diverse with one Defendant.

  Defendants' failure to timely and adequately show cause as required herein shall be deemed Defendants' admission that this Court lacks subject matter jurisdiction. In that event, this action shall be dismissed for lack of subject matter jurisdiction.

  **IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Deputy Clerk | | Bea |

---

  [3]Of course, we may decline jurisdiction in some circumstances if the class is sufficiently homogenous. *See* 28 U.S.C. § 1332(d)(3), (4).